UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
SHELLEY HNOT and HEIDI SCHELLER, on :
behalf of themselves and all similarly situated :
persons, :
:
                Plaintiffs, :
:      01 Civ. 6558 (GEL)
                -v- :
:      **OPINION AND ORDER**
:
WILLIS GROUP HOLDINGS LTD., WILLIS :
NORTH AMERICA INC., WILLIS OF NEW :
YORK, WILLIS OF NEW JERSEY, and WILLIS :
OF MASSACHUSETTS, :
:
                Defendants. :
:
------------------------------------------------------------x

Avi Lew and Martin R. Lee, Warshaw,
Burstein, Cohen, Schlesinger & Kuh, LLP,
for plaintiff Heidi Scheller.

Bettina B. Plevan, Proskauer Rose LLP,
for defendants.

GERARD E. LYNCH, District Judge:

      Defendants move for summary judgment on plaintiff Heidi Scheller's pay disparity claim under New York law, and for sanctions under Federal Rule of Civil Procedure 11. Defendants' motion for summary judgment will be granted, and the motion for Rule 11 sanctions will be denied.

## BACKGROUND

      In this long-running dispute, plaintiff Heidi Scheller ("plaintiff" or "Scheller") alleges illegal sex discrimination by her former employer, Willis Group Holdings and its affiliated entities ("defendants" or "Willis"). Details of the dispute can be found in several prior opinions

of this Court. See Hnot v. Willis Group Holdings Ltd., 01 Civ. 6558 (GEL), 2005 WL 831664 (S.D.N.Y. Apr. 8, 2005); Hnot v. Willis Group Holdings Ltd., 228 F.R.D. 476 (S.D.N.Y. 2005); Hnot v. Willis Group Holding Ltd., 01 Civ. 6558 (GEL), 2004 WL 1794493 (S.D.N.Y. Aug. 10, 2004); see also Hnot v. Willis Group Holdings Ltd., 01 Civ. 6558 (GEL), 2005 WL 831665 (S.D.N.Y. Apr. 8, 2005). The Court will set forth here only those facts material to the instant motions.

On April 8, 2005, this Court granted defendants' motion for summary judgment on plaintiff's constructive discharge claims under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-2 et seq. Hnot, 2005 WL 831664, at *8. The Court also granted defendants' motion for summary judgment on any of plaintiff's pay disparity claims under federal law accruing prior to September 11, 1998. Id. While those motions were pending, plaintiff filed an amended complaint adding state-law claims similar to the federal claims dismissed in the Court's April 8, 2005, Opinion and Order. Pursuant to a Stipulation and Order approved by the Court on October 31, 2005, plaintiff's state law claims were dismissed insofar as they alleged constructive discharge; plaintiff also stipulated to the dismissal of her compensation claims under Massachusetts law for the period before September 11, 1998. Plaintiff did not, however, agree to dismiss her pay disparity claim under New York law. Defendants now seek summary judgment on that claim, as well as sanctions.

## DISCUSSION

I.  Motion for Summary Judgment

Summary judgment is warranted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact." Fed. R. Civ. P. 56(c). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he [or she] can point to an absence of evidence to support an essential element of the nonmoving party's claim." Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995). "Once the moving party has made a properly supported showing sufficient to suggest the absence of any genuine issue as to a material fact, the nonmoving party, in order to defeat summary judgment, must come forward with evidence that would be sufficient to support a jury verdict in his [or her] favor." Id.

Emphasizing that plaintiff was a resident of Massachusetts and an employee of Willis of Massachusetts, defendants argue that the New York Human Rights Law ("NYHRL") does not apply extraterritorially to plaintiff's pay disparity claim, and that defendants are therefore entitled to summary judgment on that claim. Plaintiff, in response, argues that the place of her employment is irrelevant to the NYHRL inquiry, and that New York law applies because decisions regarding her compensation were made by a New York-based employee.

The Court agrees with plaintiff that the fact that she worked in Massachusetts does not bar her NYHRL claim. In Torrico v. IBM Corp., 213 F. Supp. 2d 390 (S.D.N.Y. 2002), a case involving claims that IBM had wrongfully discharged a plaintiff based on his disability, this Court held that the NYHRL prohibits discriminatory actions taken within New York against non-residents even if the victim works outside of the state. See id. at 407 & n.11 ("Torrico's allegation that IBM's allegedly discriminatory conduct took place in New York . . . would be sufficient to support his NYHRL claim regardless of his place of employment."). The Court reaffirmed that position two years later, specifically rejecting decisions that had interpreted the

statute more narrowly.  See Torrico v. IBM Corp., 319 F. Supp. 2d 390, 398-99 & n.5 (S.D.N.Y. 2004) (rejecting Lucas v. Pathfinder's Personnel, Inc., 01 Civ. 2252 (BSJ), 2002 WL 986641 (S.D.N.Y. May 13, 2002), "insofar as that case held that the allegation that a New York employer made a discriminatory decision in New York to discharge a non-resident employee cannot alone suffice to state a claim under the NYHRL unless that decision also had an actual impact in New York").

Nevertheless, plaintiff's pay disparity claim under the NYHRL must be dismissed. Evidence in the record, including plaintiff's sworn testimony, clearly establishes that plaintiff's Massachusetts-based superiors determined the compensation of defendants' Massachusetts-based employees, including plaintiff.  (See, e.g., 9/29/04 Scheller Aff. ¶¶ 21, 40, 57, 73, 84 n.10, 91, 96, 98, 111; 5/1/03 Scheller Dep. 26:3 to 27:19; 12/8/05 Rozic Aff. in Support of D. Mot. for Summ. J. Exs. J, M-Q; 7/1/04 Sarrey Aff. ¶¶ 39-43, Exs. D-F; 12/18/03 Sarrey Dep. 116:20 to 117:10, 141:15 to 143:23, 146:25 to 150:15, 302:3-25, 306:9-20; 2/24/04 Jollin Dep. 229:9 to 231:10.)  This distinguishes the instant case from Torrico, in which the evidence showed that New York-based employees had made the employment decisions at issue.  See Torrico, 319 F. Supp. 2d at 399 ("[T]he evidence supports Torrico's contention that IBM's alleged discriminatory acts . . . were taken by IBM employees based in New York . . . ."); see also id. at 396 (noting that Khalil Barsoum, a New York-based employee, had "direct management authority" over plaintiff Torrico); id. at 397 (describing correspondence between two New York employees regarding the conditions under which Torrico could return to work, as well as an email from a New York employee to Torrico describing what Torrico had to accomplish to avoid discharge).  Absent comparable evidence of New York-based discriminatory action in the instant

4

case, plaintiff cannot, as a Massachusetts resident, seek the protections of the NYHRL. Cf. Iwankow v. Mobil Corp., 541 N.Y.S.2d 428, 429 (1st Dep't 1989) (holding that a plaintiff could not maintain an NYHRL action "absent an allegation that a discriminatory act was committed in New York or that a New York State resident was discriminated against").

In opposing defendants' motion, plaintiff argues that John Kelly, as Willis's Regional Executive Officer ("REO") for the Northeast, reviewed all decisions affecting the compensation of Massachusetts employees, and exercised final authority over decisions regarding Scheller's compensation. (See, e.g., P. Mem. in Opp'n to D. Mot. for Summ. J. & R. 11 Sanctions at 8-10, 15.) Indeed, plaintiff rests her entire NYHRL claim on this argument, repeatedly emphasizing throughout her opposition brief that Kelly, who was based in New York, was the key decision-maker for all compensation matters in the Northeast. (Id.) This argument, however, fails to save plaintiff's NYHRL claim for at least two reasons.

First, though the record is ambiguous regarding the exact timing of Mr. Kelly's employment as REO, it is at least clear that he did not take over that position until sometime in 1997 at the earliest. (See D. Mem. in Support of Mot. for Summ. J. at 3 (stating that Kelly was the Northeast REO beginning in 1997); D. Reply Mem. at 8 n. 9 (stating that Kelly was not an REO until 1998); 1/15/04 Kelly Dep. at 26:5 to 27:3 (testifying that he became Northeast REO in approximately 1999); 8/6/03 Brown Dep. 52:8 to 54:18 (explaining that the East/Northeast REO in 1996 and 1997 was Bruce O'Neil, based in Chicago); 8/20/04 Rozic Aff. in Opp'n to P. Mot. for Class Cert. Ex. CC at 2 (indicating on letterhead that Kelly was the Northeast REO at least by May 1998).) Before that time, any REO review of Massachusetts compensation decisions was carried out by company employees based outside of New York. (See D. Reply

5

Mem. at 8 n.9; 8/6/03 Brown Dep. 52:8 to 54:15.) Thus, by staking her NYHRL argument entirely on Kelly's alleged role as REO, plaintiff in effect abandons any NYHRL claims based on actions taken from the start of her employment in August 1993 through the start of Kelly's employment as REO in 1997 or 1998.

Second, and more importantly, plaintiff cites to no evidence that Kelly or any other New York-based employee took any specific action that adversely affected plaintiff's compensation or that might suggest discrimination against plaintiff personally. In the absence of such evidence, the mere fact that compensation decisions originating in Massachusetts may, as a general matter, have been reviewed by Kelly or other New York-based employees during some periods of plaintiff's employment does not provide a sufficient basis to conclude that the discrimination alleged here occurred in New York State for purposes of applying the NYHRL. Cf. Iwankow, 541 N.Y.S.2d at 429 (refusing to consider an NYHRL claim even though plaintiff alleged that his discharge "was part of a world-wide reduction in force which was decided upon at [defendant's] corporate headquarters in New York," because plaintiff "d[id] not allege that the decision to implement this reduction in an age-discriminatory manner originated at corporate headquarters"). This conclusion is bolstered by the fact that Kelly's authority was not, as plaintiff contends, "final"; on the contrary, any New York-based review of compensation decisions affecting Massachusetts employees underwent further review by company officials in Nashville, Tennessee. (See 1/15/04 Kelly Dep. 310:11-23, 315:2-20; see also 8/6/03 Brown Dep. 52:8 to 54:18, 140:8-19; 8/7/03 Brown Dep. 398:1-10, 404:1 to 405:7.)

Accordingly, there is no genuine issue as to the fact that the alleged compensation discrimination against Scheller occurred outside of New York State for purposes of the NYHRL.

6

Defendants are thus entitled to judgment as a matter of law on plaintiff's New York pay disparity claim.

II. Rule 11 Motion

Defendants move for sanctions pursuant to Federal Rule of Civil Procedure 11, arguing that Scheller's attorneys have forced defendants to expend time and money on a frivolous NYHRL claim. The Second Circuit has "repeatedly held" that "Rule 11 is targeted at situations where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands." Rodick v. City of Schenectady, 1 F.3d 1341, 1350 (2d Cir. 1993) (citations and internal quotation marks omitted). Particularly in view of this Court's broad interpretation of the NYHRL in Torrico, as well as the undisputed fact that New York-based Willis employees played *some* role in reviewing compensation decisions made in Massachusetts, the Court finds that the position of plaintiff's attorneys with respect to the NYHRL is not so unreasonable as to justify sanctions.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is granted, and plaintiff's pay disparity claim under the New York Human Rights Law is dismissed. Defendants' motion for sanctions is denied.

SO ORDERED.

Dated: New York, New York
July 24, 2006

GERARD E. LYNCH
United States District Judge