UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                    :

SHELLEY HNOT and HEIDI SCHELLER, on    :
behalf of themselves and all similarly situated  :
persons,                                  :
                                    :

                    Plaintiffs,    :         01 Civ. 6558 (GEL)
                                    :

                -v-               :         **OPINION AND ORDER**
                                    :

WILLIS GROUP HOLDINGS LTD., et al.,    :
                                    :

                  Defendants.    :
                                    :
-------------------------------------------------------------x

Robert L. Herbst and Spencer Freedman, Beldock
Levine & Hoffman LLP, New York, NY, and
Rosalind Fink, Brill & Meisel, New York, NY, for
proposed plaintiff-intervenor Adrianne Cronas.

Bettina B. Plevan, Myron D. Rumeld, Jeremy M.
Brown and Kristin S. Rozic, Proskauer Rose LLP,
New York, NY, for defendants.

GERARD E. LYNCH, District Judge:

      Adrianne Cronas, a former employee of defendants, moves to intervene in this action

pursuant to Federal Rule of Civil Procedure 24.  Included in her motion to intervene are requests

to re-open discovery and expand the class period, a request for access to all confidential

materials in the litigation, and a request that she and her attorney be appointed class

representative and co-class counsel, respectively.  The motion will be denied.

## BACKGROUND

      The factual background of this long-running employment discrimination action can be

found in numerous prior decisions of the Court.  See Hnot v. Willis Group Holdings Ltd., 228

F.R.D. 476 (S.D.N.Y. 2005); see also Hnot v. Willis Group Holdings Ltd., 01 Civ. 6558 (GEL),

2006 WL 2381869 (S.D.N.Y. Aug. 17, 2006); Hnot v. Willis Group Holdings Ltd., 01 Civ. 6558

(GEL), 2006 WL 2079326 (S.D.N.Y. July 24, 2006); Hnot v. Willis Group Holdings Ltd., 01

Civ. 6558 (GEL), 2005 WL 831665 (S.D.N.Y. Apr. 8, 2005); Hnot v. Willis Group Holdings

Ltd., 01 Civ. 6558 (GEL), 2005 WL 831664 (S.D.N.Y. Apr. 8, 2005); Hnot v. Willis Group

Holding Ltd., 01 Civ. 6558 (GEL), 2004 WL 1794493 (S.D.N.Y. Aug. 10, 2004).  The present

Opinion recites only certain details relevant to the motion to intervene.

Adrianne Cronas was employed by defendants as a Vice President, Senior Vice President

and Executive Vice President from September 1996 until June 2004.  During this time, she

alleges, defendants subjected her and other high-level female employees to discrimination in

compensation, assignments, promotions, and other terms and conditions of employment.  (See

Proposed Complaint in Intervention ("Proposed Compl.") ¶ 19.)  Cronas also alleges that

defendants retaliated against women who complained internally or externally about defendants'

treatment of women.  (Id.)  She was terminated in June 2004 and allegedly replaced by a less-

experienced male who earned a substantially higher salary.  (Id. ¶ 15.)

Cronas's intervention papers do not disclose when she learned of Hnot and Scheller's

class action lawsuit, which was filed on July 19, 2001.  Cronas concedes, however, that she

learned of this Court's class certification order in May 2005, that is, about eleven months after

she was terminated.  (Cronas Mem. in Support of Mot. to Intervene ("Cronas Mem.") at 6;

Proposed Compl. ¶ 47.)  The certification order, dated March 21, 2005, had certified a class of

"all current and former female employees who have been employed by the defendants in

positions eligible for the award of officer titles between 1998 and 2001."  Hnot, 228 F.R.D. at

480 (citation and internal quotation marks omitted)).

After the Court certified the class, plaintiffs moved for modification of the class definition to encompass employees who had worked for defendants after 2001.  On or about July 17, 2006, that is, about seven months after the motion to expand the class definition had been fully briefed but before the Court had issued a decision, Cronas's attorney sent a letter to chambers, notifying the Court of Cronas's intention to seek intervention and requesting that the Court allow briefing of the intervention issue before deciding whether to expand the class period. A formal motion to intervene was filed on August 1, 2006.

The Court denied plaintiffs' motion to expand the class period on August 17, 2006, before acting on Cronas's motion.  See Hnot, 2006 WL 2381869.  In denying the motion, the Court observed that plaintiffs were effectively asking the Court to re-open fact discovery, which had closed in February 2004 pursuant to a case management plan signed by the parties and approved by the Court in November 2003.  Id. at *2-*3.  Because plaintiffs' motion did not show good cause to modify the case management order, the Court rejected the request to re-open discovery.  Id. at *3-*5.  Because plaintiffs had expressly made their motion to expand the class period contingent on a re-opening of discovery, the Court denied the class period expansion request as well.  Id. at *6.

Cronas's motion to intervene was fully briefed on September 21, 2006.  The purpose of the motion, she explains, is "to ensure that her rights and those of similarly situated women who were employed [by defendants] *after 2001* are adequately protected." (Cronas Mem. at 5 (emphasis added).)  Because the litigation she wishes to join currently includes only women employed during the 1998-2001 period, the Court interprets Cronas's motion to intervene as

3

including a request that the Court re-open discovery and expand the class period.

## DISCUSSION

Federal Rule of Civil Procedure 24(a), which provides for "intervention of right," requires that the proposed intervenor "(1) file a timely motion; (2) show an interest in the litigation; (3) show that its interest may be impaired by the disposition of the action; and (4) show that its interest is not adequately protected by the parties to the action." D'Amato v. Deutsche Bank, 236 F.3d 78, 84 (2d Cir. 2001) (citation and internal quotation marks omitted). All four of these requirements must be met to justify intervention. See id. Where the proposed intervenor is not permitted to intervene as of right, the Court may grant "[p]ermissive [i]ntervention" pursuant to Rule 24(b). Permissive intervention is appropriate, upon timely application, "(1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b). "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Id.; see also In re Bank of New York Derivative Litig., 320 F.3d 291, 300 n.5 (2d Cir. 2003). Permissive intervention is never mandatory. See id.

Though timeliness of a motion to intervene under Rule 24(a) or (b) is not determined strictly by chronology, the length of an applicant's delay in seeking intervention is "[a]mong the most important factors" to consider in a timeliness decision. Catanzano v. Wing, 103 F.3d 223, 232 (2d Cir. 1996); see United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994). Other factors to consider include the point to which a suit has progressed, prejudice to the existing parties from the applicant's delay, prejudice to the applicant if the motion is denied, and any

"unusual circumstances militating either for or against a finding of timeliness." Id.; see NAACP v. New York, 413 U.S. 345, 365-66 (1973).

Cronas's motion papers do not disclose when she first learned of her interest in the class action suit she now seeks to join, instead revealing only the month when she learned of the class certification.  The omission is no mere oversight; defendants' memorandum in opposition to intervention specifically notes that Cronas's motion does not reveal the date when she first learned of the suit (D. Mem. in Opp. to Cronas Mot. to Intervene at 5 n.4), and Cronas fails to correct the omission in her reply brief.  Instead, she argues that the date on which she learned of the litigation is irrelevant.  "The critical question," Cronas argues, "is not when the intervenor became aware of the litigation, but rather when she knew or reasonably should have known that her interests were not being adequately protected."  (Cronas Reply at 5.)

Though Cronas's position finds some support in the case law, see, e.g., In re the Application of Akron Beacon Journal, 94 Civ. 1402 (CSH), 1995 WL 234710, at *7 (S.D.N.Y. Apr. 20, 1995) ("'[T]he appropriate inquiry is when the intervenor became aware that its interest in the case would no longer be adequately protected by the parties,'" quoting Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 785 (1st Cir. 1988)), the Second Circuit has repeatedly explained that the date on which the proposed intervenor learns of his or her *interest* in the litigation is of primary importance in the timeliness inquiry.  See, e.g., In re Bank of New York Derivative Litig., 320 F.3d at 300; In re Holocaust Victim Assets Litig., 225 F.3d 191, 198 (2d Cir. 2000); Catanzano, 103 F.3d at 232; Pitney Bowes, Inc., 25 F.3d at 70.  Even if Cronas is correct, however, that the "critical question" is "when she knew or reasonably should have known that her interests were not being adequately protected," the Court would still find her

5

motion untimely.

According to Cronas, her interests can only be adequately protected if the temporal scope of the class extends beyond 2001 and if the Court re-opens discovery to allow the production of "data permitting statistical analysis of gender discrimination of any kind after December 2001." (Cronas Mem. at 3.)  She claims, for example, that an expansion of the class period "is critical to protecting and vindicating [her] rights," (id. at 3); that she "and others similarly situated would be at a grave disadvantage in proving their claims in this case if [post-2001] data is not forthcoming" (id.); that "without some post-2001 discovery, [her] damages claims cannot be fairly resolved" (id. at 4); and that "[i]n the current posture of the case, Cronas and others similarly situated would probably be unable to demonstrate continued gender discrimination after 2001, and to prove up her damages in under-compensation after 2001." (Id. at 7.)

Cronas acknowledges, however, that she knew of this litigation at least as early as May 2005, when she learned of the class certification.  (Id. at 6.)  At that time, Cronas could and should have learned through reasonable diligence that the class, as certified by the Court, only encompassed employees who had worked for Willis from 1998 through 2001.  Hnot, 228 F.R.D. at 480, 486-87.  She also should have learned that pursuant to a publicly available November 2003 scheduling order, fact discovery was completed on or about February 28, 2004, and therefore could not possibly have encompassed the entire period during which Cronas alleges discriminatory acts by defendants.  Thus, to the extent Cronas is correct in maintaining that the relevant date for purposes of determining timeliness is the date on which she learned that the current litigation would not fully and adequately protect her interests in pursuing post-2001 claims, that date was sometime in May 2005, about fourteen months before she filed her

motion to intervene.

Cronas disagrees with this analysis, arguing that until the Court issued its August 17, 2006, Opinion and Order denying any additional discovery or expansion of the class period, "Cronas and all other class members with post-2001 claims had a good faith basis to believe that this Court would extend the class period past 2001 and require defendants to disgorge the discovery relating to those claims." (Cronas Reply at 5.) "It is this Court's recent decision," Cronas argues, "which has decisively changed the landscape and definitely established that the interest of Cronas and the class in the post-2001 claims has not been adequately protected." (Id.) The Court's August 17 decision, however, did not change *anything*, much less did it "decisively change[] the landscape" of the case. On the contrary, the Court's decision maintained the status quo by re-affirming the March 2005 holding that the class only encompasses employees employed from 1998 to 2001, and by re-affirming that fact discovery had closed in February 2004. Hnot, 2006 WL 2381869, at *6. To the extent Cronas may have discovered from reading that Opinion that her interest in litigating post-2001 claims was not being adequately protected by Hnot and Scheller's class-action litigation, her discovery resulted from the re-publication of information that had been publicly available since she first learned of the class action certification in May 2005.

As noted, the length of an intervenor's delay is only one of several factors relevant to the timeliness determination. See Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 182 (2d Cir. 2001). It is, nevertheless, one of the "the most important factors in a timeliness decision," Catanzano, 103 F.3d at 232, and courts have routinely denied intervention where the delay in moving to intervene was comparable to, or shorter than, the delay in this case. See, e.g., In re

Holocaust Litig., 225 F.3d at 198-99 (affirming denial of intervention where proposed intervenor had delayed eight months); Catanzano, 103 F.3d at 232-33 (affirming denial of intervention where proposed intervenor had delayed at least eighteen months before filing motion to intervene); Pitney Bowes, Inc., 25 F.3d at 71 (affirming denial of intervention where movant had constructive knowledge of interest fifteen months prior to motion to intervene and actual knowledge for eight months); Jones v. Richter, 97 Civ. 291 (JTE), 2001 WL 392079, *2 (W.D.N.Y. Apr. 4, 2001) (denying intervention where movant had "actual knowledge of its claim more than eight months before it moved to intervene"); Rhodes v. Ohse, 97 Civ. 17 (FJS), 1998 WL 809510, *2 (N.D.N.Y. Oct. 30, 1998) (denying intervention where movants "knew for over fourteen months about the pending litigation before they filed their motion to intervene"). Accordingly, even if the date most relevant to the timeliness determination in this case were the date on which Cronas learned of the class certification, her fourteen-month delay in filing a motion to intervene would weigh heavily against a finding of timeliness.

Other factors relevant to the timeliness inquiry similarly weigh against a finding that Cronas's motion is timely.  Of particular significance here is the age of the lawsuit and the late stage to which it has progressed.  See NAACP, 413 U.S. at 365-66.  The original complaint was filed over five years ago, fact discovery has been complete for over two and half years, and the class has been certified for over a year and a half.  The Court has resolved over seven motions, including several summary judgment motions, a motion to amend the complaint, a motion for sanctions, a motion to compel nationwide discovery, and motions to certify and modify the class. Granting Cronas's motion would effectively require the Court to start from square one with respect to post-2001 claims, and a final resolution of the claims pertaining to the 1998-2001

period would likely be delayed for many more months, if not years.  This delay would constitute substantial prejudice to defendants, who have a legitimate interest in the expeditious resolution of claims that have been pending against them for more than half a decade.[1]

Cronas argues that denying the motion would cause her "significant prejudice," primarily because she would be "unable to demonstrate continued gender discrimination after 2001, and to prove up her damage in under-compensation after 2001." (Cronas Mem. at 7.)  This argument is unavailing.  As Cronas herself emphasizes elsewhere in her briefs, she remains free to bring a separate action against defendants — indeed, she clearly intends to do so if the Court denies her motion to intervene.  (Cronas Reply at 7.)  See In re Holocaust Victim Assets Litig., 225 F.3d at 199 ("Because appellants remain free to file a separate action, they have not established that they will be prejudiced if their motion to intervene is denied.").[2]  Though Cronas claims that bringing a separate action would impose unnecessary costs and burdens on her, defendants, and the Court,

---

[1]  Cronas suggests that there is no prejudice to defendants because they will have to defend against the post-2001 claims in any event if she files a separate claim.  The prejudice to defendants, however, does not result merely from the need to engage in additional discovery, but the further (and most likely substantial) delay in resolution of the class action litigation covering the 1998-2001 period, which has been pending against them for many years.  Though Cronas is not responsible for the fact that this case has dragged on for so long, her fourteen-month delay in bringing the instant motion nevertheless must be considered in light of the case's advanced age.

The delay in final resolution of the 1998-2001 claims might be minimized, of course, if Cronas were permitted to intervene but not permitted to re-open discovery or to expand the temporal scope of the class beyond 2001.  It is clear from Cronas's motion papers, however, that she does not seek intervention on those terms.  She repeatedly emphasizes, for example, that her rights cannot be protected without an expansion of the class period, and that the purpose of her motion is to ensure both that the class is extended and that additional discovery is forthcoming.  (See Cronas Mem. 3-5.)

[2]  In noting that Cronas is free to file another lawsuit, the Court expresses no opinion on defendants' argument that several of Cronas's claims are untimely.  Nor does the Court express a view on defendants' argument that Cronas's claims are subject to a mandatory arbitration agreement.

the Court does not find, in light of all the circumstances, that the alleged costs and burdens outweigh the prejudice that defendants would suffer if the Court were to further delay resolution of the pre-2002 claims pending against them.  Cf. id. (affirming denial of motion to intervene despite applicant's claims that "they would face tremendous obstacles in bringing their own lawsuit," and noting that the "potential obstacles to the pursuit of an independent lawsuit [did] not impair or impede the applicant's ability to protect its interest to an extent warranting intervention as of right" (alteration, citation and internal quotation marks omitted)).

## CONCLUSION

Having considered the totality of the circumstances, the Court denies as untimely Cronas's motion to intervene pursuant to Federal Rule of Civil Procedure 24(a) and (b).  The Court therefore also denies Cronas's request to be appointed a class representative, her request to appoint her attorney as co-class counsel, and her requests to expand the class period and re-open discovery.  As Cronas is not yet a party to this or any related action, her request to be considered a "party" for purposes of the confidentiality stipulation and order in the Hnot litigation is also denied, without prejudice to renewal at a later date.


SO ORDERED:

Dated: New York, New York
       November 30, 2006

                                        GERARD E. LYNCH
                                        United States District Judge

10